[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FOR SUMMARY JUDGMENT
In this case, the both parties have filed Motions for Summary Judgment. The defendant, Christine Moretti Silva on the grounds that she was not properly served with the complaint within two years after the accident in which the plaintiff claims injuries. An original complaint was dismissed for lack of proper service.
This action is brought under the Accidental Failure of Suit Statute, General, Statutes Section 52-592.
The plaintiff claims that in the original action service was made on Christine Moretti at the address of her father, the owner of the vehicle she was driving at the time of the accident, and at the address listed on her license and filed with the Department of Motor Vehicles at the time of the accident, March 1, 1988.
A sheriff served the complaint on February 8, 1990 at the address listed on the license and still listed with the Department of Motor Vehicles. The defendant had married and left this address on November 11, 1989. However, she did not change the address on her license or notify the Department of Motor Vehicles of her change of name and address until November 27, 1991 when she was issued a new license with her new name and address. CT Page 5130
Connecticut General Statutes Section 52-592 states in pertinent part that. . . "If any action commenced within the time limited by law, has failed. . .to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed. . .the plaintiff may commence a new action. . .for the same cause at any time within one year after the determination of the original action. . ."
The original action was dismissed on July 2, 1991 for lack of service on the defendant, Christine Moretti. This action was brought on July 12, 1991 within one year of the dismissal of the original action.
The service was insufficient because of the default or neglect of the sheriff or because of unavoidable accident. Either cause was as a result of the defendant's failure to comply with General Statutes Section 14-45 which required her to notify the Motor Vehicle Commissioner of her change of address and name. The sheriff served the complaint at the address he did based upon information from the Department of Motor Vehicles. Furthermore, the defendant had actual knowledge of the lawsuit shortly after it was served.
To refuse to permit this action where any failure of service in the original action was a result of the defendant's failure to notify the Department of Motor Vehicles of her change of name and address would indeed be a travesty of justice, especially when the service was made at the address of her father and she acknowledged in her deposition that she had actual notice of the service.
The defendant's Motion for Summary Judgment is denied. The plaintiff's Motion is granted.
HURLEY, JUDGE